UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LUMBERMENS MUTUAL CASUALTY, )
COMPANY, )
)
    Plaintiff, )
)
vs. )  CIVIL ACTION No. CV-96-S-0227-S
)
VULCAN TEMPORARY SERVICE, )
)
)
    Defendant. )

**ENTERED**

**MAR 4 1997**

MEMORANDUM OPINION

This action is before the court on plaintiff's motion for summary judgment. Jurisdiction is properly based upon 28 U.S.C. § 1332 because: (1) plaintiff is a corporation organized under the laws of Illinois, with its principal place of business also in that state; (2) defendant is an Alabama corporation with its principal place of business in Birmingham, Alabama; and (3) the amount in controversy exceeds $50,000. Plaintiff alleges breach of contract and unjust enrichment, and seeks a judgment against defendant in the amount of $61,815.00.[1] Upon consideration of the motion, pleadings, brief, and evidentiary submissions, the plaintiff's motion is granted.[2]

---

[1] In defendant's brief a judgment of $61,814.00 is requested, however, in its complaint the requested amount is $61,815.00.

[2] In connection with the instant motion, the court has considered the following brief and evidentiary submission: (1) Lumbermens Mutual Casualty Company's Brief in Support of Motion for Summary Judgment ("Plaintiff's Brief"); and (2) Affidavit of Bruce Smith ("Smith Affidavit").

## I. DISCUSSION

On October 17, 1993, Lumbermens Mutual Casualty Company ("Lumbermens") and Vulcan Temporary Service ("Vulcan") entered into a "workers compensation and employers liability insurance policy" contract for the policy period of October 17, 1993 through October 17, 1994 ("Original Policy"). That policy was renewed for the period of October 17, 1994 through October 17, 1995 ("Renewal Policy"). The Renewal Policy provided that the premium due by Vulcan was subject to verification and changes by audit at the conclusion of the policy period. That policy also provided:

> You will keep records of information needed to compute premium. You will provide us with copies of those records when we ask for them.
>
> . . . .
>
> You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct the audits during regular business hours during the policy period and within three years after the policy period ends. Information developed by audit will be used to determine final premium. Insurance rate service organizations have the same rights we have under this provision.

(Plaintiff's Exhibit A: Workers Compensation And Employers Liability Insurance Policy, Part 5, ¶¶ F-G.)

As of December 17, 1996, Vulcan paid a total premium amount of $12,938.00 to Lumbermens on the Renewal Policy. (Smith[3] Affidavit ¶ 6.) Lumbermens contends that numerous invoices and demand letters were sent to Vulcan reflecting the net additional premium

---

[3] Bruce Smith is the Premium Audit Specialist for the Residual Market Processing Office of Lumbermens Mutual Casualty Company. (Smith Affidavit ¶ 2.)

2

owed under the Renewal Policy. Having received no premium payments in response to those requests, Lumbermens canceled the Renewal Policy on August 15, 1995. (Smith Affidavit ¶ 6.)

Pursuant to the terms of the Renewal Policy, Lumbermens endeavored on several occasions to schedule an audit of Vulcan's records in order to accurately compute the net additional premium due under that policy. (Smith Affidavit ¶ 8.) On each occasion, Vulcan was uncooperative and Lumbermens was unable to complete its audit. (*Id.*) However, based upon the limited information provided by Vulcan, Lumbermens calculated the minimum net additional premium due by Vulcan under the Renewal Policy to be $61,814.00. (Smith Affidavit ¶ 12.)

Lumbermens contends that Vulcan breached its contract by failing to pay the net additional premium due on the Renewal Policy. Consequently, Lumbermens claims that Vulcan is indebted to it in the amount of $61,814.00. Vulcan has not attempted to dispute the amount or validity of Lumbermens' claim. Therefore, the undisputed evidence shows that Lumbermens is entitled to recover $61,814.00 from Vulcan.

## II. CONCLUSION

For the foregoing reasons plaintiff's motion for summary judgment is due to be granted. A final judgment consistent with this memorandum opinion will issue contemporaneously herewith.

DONE this 3rd day of March, 1997.

United States District Judge

3